UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| VERSUS | * | NO. 18-81 |
| JERRELL ENCALADE | * | SECTION L |

**ORDER & REASONS**

Before the Court is a motion seeking early termination of supervised release filed by Defendant Jerrell Encalade. R. Doc. 228. The Government opposes the motion. R. Doc. 230. Having considered the record, briefing, and applicable law, the Court now rules as follows.

### I.    BACKGROUND

On April 17, 2019, Jerrell Encalade appeared before another section of this Court and pleaded guilty to Count 1 of an Indictment, which charged him with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. R. Docs. 77, 78, 110. On August 21, 2019, Encalade was sentenced to 90 months in the custody of the Bureau of Prisons ("BOP") with credit for time served. R. Doc. 110 at 2. He was also sentenced to a four-year term of supervised release. *Id.* at 3. Encalade was released from BOP custody on June 9, 2022, whereupon his term of supervised release commenced. R. Doc. 230 at 2.

### II.    PRESENT MOTION

In the instant motion, Encalade argues that he has consistently maintained gainful employment, has not tested positive for any narcotics, and has otherwise complied with all terms of his supervision since being placed on supervised release. R. Doc. 228. Based on these facts, he asks the Court to terminate his term of supervised release. *Id.* The Government opposes the motion,

1

contending that Encalade has failed to present any extraordinary facts that would justify early termination at this stage in his supervision. R. Doc. 230.

### III.  LAW AND ANALYSIS

A district court can terminate supervised release at any time after one year if, after considering the § 3553(a) sentencing factors, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). [1] District courts enjoy broad discretion in determining whether to terminate supervised release, but they have "generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination[.]" *United States v. Smith*, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.*

In the instant case, Encalade requests early termination based simply off his compliance with the terms of his supervision. Indeed, he has completed over three years of his supervised release and been compliant without issue. *Id.* Judges in the Eastern District, however, have rejected motions to terminate supervised release for similarly situated defendants. For example, in *United States v. Hayes*, the defendant petitioned for termination of a five-year term of supervised release after completing forty months. No. 01-311, 2013 WL 5328874, *1, *1 (E.D. La. Sept. 20, 2013). Although the defendant in that case "turned his life around and recognizes the benefits of a crime-free life," the court denied the defendant's motion because he did "not present any extraordinary circumstances which would merit the termination of his supervised release." *Id.* at *1. Considering

---

[1] These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to defer criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

the nature of the defendant's underlying drug offense, it further reasoned that early release was not justified because the defendant was "merely abiding by the terms of his supervised release." *Id.*

While Encalade was sentenced for a non-violent crime in this case, this district does not take drug offenses—especially those involving a conspiracy—lightly. *See id.* (finding that "conspiracy. . . to distribute crack cocaine" as a "serious crime"). Further, Encalade does not argue that he will experience any particular hardship should his supervised release continue. Accordingly, the Court will deny the motion but commends Encalade for complying with the terms of his supervised release and encourages him to continue on this positive path. The Court additionally notes that Encalade may file a motion to modify the terms of his supervised release that identifies specific terms that cause him hardship and request modifications tailored to those terms.

### IV. CONCLUSION

For the foregoing reasons, Jerrell Encalade's Motion for Early Termination of Supervised Release, R. Doc. 228, is **DENIED** without prejudice.

New Orleans, Louisiana this 25th day of August, 2025.

United States District Judge

cc: Mr. Jerrell Encalade
170 Milton Lane
Buras, LA 70041